**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

DENNIS E. HECKER,                                    Case No. 09-50779-RJK

       Debtor.                                         Chapter 7

---

U.S. BANK NATIONAL ASSOCIATION,                      ADV Pro. No. 09-5040

       Plaintiff,

v.

DENNIS E. HECKER,

       Defendant.

---

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO MOTION FOR AN ORDER STAYING THIS ADVERSARY PROCEEDING UNTIL THE CONCLUSION OF GRAND JURY PROCEEDINGS AND/OR ANY INDICTMENTS THE GRAND JURY ISSUES**

U.S. Bank National Association ("U.S. Bank"), by and through its undersigned counsel, files this Objection to the Debtor's Motion for an Order Staying This Adversary Proceeding until the Conclusion of Grand Jury Proceedings and/or Any Indictments the Grand Jury Issues (the "Motion to Stay"), and respectfully states as follows:

**BACKGROUND**

On September 14, 2009, U.S. Bank commenced its adversary proceeding against the Debtor by filing its Complaint to Determine Dischargeability of a Particular Debt (the "Complaint"). By the Complaint, U.S. Bank seeks a determination that the Debtor's debt to it is excepted from his discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (6).

## DISCUSSION

The Debtor seeks a stay of U.S. Bank's adversary proceeding to preserve his fifth amendment rights in connection with, and pending the termination of, the grand jury and related proceedings. However, the Eighth Circuit has acknowledged that there is "no authority indicating a bankruptcy court is compelled to grant a stay of proceedings, when such testimony constitutes an election between protecting civil interests in a bankruptcy proceeding and safeguarding fifth and seventh amendment rights in a criminal action." *Hale v. Carlson*, 980 F.2d 1176, 1179 (8th Cir. 1992).

The stay of civil proceedings because of a pending criminal investigation is both discretionary and extraordinary. *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1983) (describing the power to stay civil proceedings as "purely discretionary"); *Mendelsohn v. Gordon (In re Who's Who Worldwide Registry, Inc.)*, 197 B.R. 193, 195 (Bankr. E.D.N.Y. 1996) (acknowledging that it is "universally recognized that the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly").

In deciding whether to stay a civil proceeding, courts typically balance several factors, including the interest in proceeding expeditiously with litigation and prejudice to the plaintiffs if the litigation is suspended. *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). As the court noted in *In re Mid-Atlantic Toyota Antitrust Litigation*, delay invariably fosters prejudice since "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." 92 F.R.D. at 359.

Here, contrary to the Debtor's suggestion, U.S. Bank and the other plaintiffs will be prejudiced by delay. While the Debtor argues that U.S. Bank will not be prejudiced by a stay because he likely will be unable to "satisfy a non-dischargeability determination" in any event (Memorandum of Law in Support of Motion for Stay, at p.7), the collectability of an adverse judgment against the Debtor is a separate consideration from U.S. Bank's entitlement to proceed expeditiously with its lawsuit. U.S. Bank and the other plaintiffs should not be impeded in the progress of their proceedings merely because the Debtor anticipates an inability to satisfy multiple judgments. Moreover, U.S. Bank and the other plaintiffs are further prejudiced by a stay to the extent that the Debtor's assets are subject to dissipation in the interim.

In addition, where, as here, an indictment has not been returned, stays are rarely granted. *See U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992) ("[B]ecause there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, pre-indictment requests for a stay are generally denied."); *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. at 359 (denying stay of civil litigation pending resolution of grand jury investigation, and noting that the imposition of a stay where criminal proceedings were not currently pending would require a stay "in all future civil cases in which the possibility, however remote, existed that criminal proceedings would eventually be pursued from related or similar facts"); *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. at 196 (noting that the "lack of an indictment is a factor weighing heavily in favor of denial of the stay").

**<u>CONCLUSION</u>**

Because a stay will prejudice U.S. Bank and the other plaintiffs, and an indictment has not been returned, a stay of the adversary proceedings is unwarranted.

WHEREFORE, U.S. Bank respectfully moves the Court for entry of an order (i) denying the Motion to Stay; and (ii) granting such other relief as the Court deems just and equitable.

Dated:  October 16, 2009     DORSEY & WHITNEY LLP


By: /e/ Monica Clark
Thomas O. Kelly (# 189960)
Todd Pearson (# 230935)
Monica Clark (# 28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

DENNIS E. HECKER,                                                    Case No. 09-50779-RJK

       Debtor.                                                              Chapter 7

---

U.S. BANK NATIONAL ASSOCIATION,                    ADV Pro. No. 09-5040

       Plaintiff,

v.

DENNIS E. HECKER,

       Defendant.

---

**UNSWORN AFFIDAVIT OF SERVICE**

     Monica Clark states that on the 15th day of October 2009, she did cause the Objection of U.S. Bank National Association to the Motion for an Order Staying This Adversary Proceeding until the Conclusion of Grand Jury Proceedings and/or Any Indictments the Grand Jury Issues to be filed electronically with the Clerk of Court through ECF, and served via CM/ECF on the following parties:

| | |
|---|---|
| William R. Skolnick | Matthew R. Burton |
| LuAnn M. Petricka | Leonard O'Brien et al |
| Skolnick & Shiff, P.A. | 100 S 5th Street, Suite 2500 |
| 527 Marquette Avenue South, #2100 | Minneapolis, MN 55402 |
| Minneapolis, MN 55402 | mburton@losgs.com |
| wskolnick@skolnick-shiff.com | |
| petricka@visi.com | |

Dated:  October 16, 2009                                                        /e/ Monica Clark