**UNITES STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re:** | |
| **DENNIS E. HECKER** | Case No. 09-50779-RJK |
| **Debtor.** | Chapter 7 |

___

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | ADV Pro. No. 09-05040 |
| **Plaintiff,** | |
| vs. | |
| **DENNIS E. HECKER** | |
| **Defendant.** | |

___

**ANSWER**
**AND DEMAND FOR JURY TRIAL**
___

Defendant Dennis E. Hecker ("Hecker") for his Answer to the Complaint of Plaintiff U.S. Bank National Association ("US Bank") states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

1. Defendant denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless otherwise specifically admitted or answered herein.

2. Defendant admits the allegations contained in paragraphs 1 and 2.

3. With respect to the allegations contained in paragraphs 3 and 4, Defendant is not required to admit or deny the legal allegations contained therein, denies the same, and puts

1

Plaintiff to its strict burden of proof thereof.

4. With respect to the allegations contained in paragraphs 5, 6, 7, 8 and 9 of the Complaint, Defendant affirmatively states that said referenced documents speak for themselves, that said documents were signed by the referenced parties; therefore, to the extent said allegations contradict or are inconsistent with the same, Defendant denies said allegations and puts Plaintiff to its burden of proof thereof.

Defendant affirmatively alleges that he had a pre-existing established ongoing relationship with US Bank and that <u>after</u> receipt of the loan proceeds of $7,000,000, he was then asked to provide collateral or security after-the-fact. Moreover, Defendant affirmatively states that at the time said loan was made, it was his intention that the loan be short-term and repaid immediately upon completion of a pending transaction, which did not occur due to circumstances beyond the control of Defendant.

Defendant further affirmatively alleges that his counsel contacted Plaintiff's undersigned counsel, and informed him that Defendant had agreed to sign a standstill agreement with Chrysler Financial Services Americas, LLC ("Chrysler Financial") on October 18, 2008, which triggered Plaintiff's request to get ahead of the agreement and attempt to collateralize the outstanding extension of credit to the extent possible with full knowledge of a default situation with Chrysler Financial and the existence of other creditors with rights. There were no representations made whatsoever that the collateral provided was free and clear of other liens or other obligations. Plaintiff undertook its own due diligence, and knowingly assumed the risks involved in doing so in a hurried effort to procure security for its already outstanding unsecured loan to Defendant for $7,000,000.

5.      In response to the allegations contained in paragraph 10, 11 and 12, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof.  Defendant restates the prior affirmative defenses above and future states that at all times US Bank was fully aware that Chrysler Financial had provided financing for substantial amounts of money, that Defendant had provided his personal guaranty, and that Defendant was in default.  Moreover, Defendant would have provided to US Bank, if requested, direct access to Chrysler Financial to obtain all outstanding credit agreements.  Again, Defendant was up-front with US Bank and was directly asked to executed the October 17, 2008 (not the other way around as misstated in the Complaint).

6.      Defendant is unable to admit or deny the allegations contained in paragraph 13, and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof.  Again, the entire purpose for the October 17, 2008 Credit Agreement was for US Bank to properly document and attempt to secure a previously approved and extended loan for the same exact amount to Defendant.  The Credit Agreement was for the benefit of US Bank.

7.      In response to the allegations contained in paragraph 14, Defendant affirmatively states that the Credit Agreement was a single pay note with a due date within two weeks of October 17, 2008.  Subsequent to the restructured agreement, the Credit Agreement, payments were in fact provided to US Bank but may have been applied to other loans or financial obligations outstanding with US Bank.

8.      In response to the allegations contained in paragraph 15, Defendant is unable to admit or deny the exact amounts due and owing on said referenced restructured Credit Agreement, and puts Plaintiff to its strict burden of proof thereof.  Defendant affirmatively

alleges that he would need to see a detailed accounting in order to confirm exact amounts due and owing and how US Bank applied payments received.

9. In response to the allegations contained in paragraphs 16, 17, 18 and 19 of the Complaint, Defendant states that the referenced documents speak for themselves, that they were in fact signed by the referenced parties therein, and to the extent said allegations contradict or are inconsistent with the documents, he denies the same and puts Plaintiff to its burden of proof thereof.

10. In response to the allegations contained in paragraphs 20 and 21 of the Complaint, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof.

11. In response to the allegations contained in paragraph 22, Defendant alleges that the referenced agreement speaks for itself and to the extent said allegations are inconsistent denies the same and puts Plaintiff to its strict burden of proof thereof.

12. Defendant denies the allegations contained in paragraph 23, and puts Plaintiff to its strict burden of proof thereof

13. In response to the allegations in paragraph 24, Defendant denies the same and affirmatively states that at no time did he ever personally provide any invoices to US Bank and that instead US Bank received whatever invoices were received by the dealership (the primary obligator on the loans) directly from the manufacturer, which was in the normal course of business. Not all vehicles were eligible for fleet incentives.

14. In response to the allegations found in paragraphs 25 and 26, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof.

15. Defendant is unable to admit or deny the allegations contained in paragraph 27

and, therefore, denies the same.

16. In response to the allegations contained in paragraph 28 and 29, Defendant denies the same and puts Plaintiff to its strict burden of proof thereof. To allege "potential fraudulent misrepresentation" is insufficient as a basis to allege fraud as a matter of law.

17. Defendant restates and realleges all prior paragraphs in response to paragraph 30.

18. Defendant denies the allegations contained in paragraphs 31, 32, 33, 34, 35, and 36, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

19. Defendant restates and realleges all prior paragraphs in response to paragraph 37.

20. Defendant denies the allegations contained in paragraphs 38, 39, 40, 41, 42, 43, 43 and 44, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

21. Defendant restates and realleges all prior paragraphs in response to paragraph 45.

22. Defendant denies the allegations contained in paragraphs 46, 47, 48 and 49, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

23. Defendant restates and realleges all prior paragraphs in response to paragraph 50.

24. Defendant denies the allegations contained in paragraphs 51, 52, 53, 54, and 55, and puts Plaintiff to its strict burden of proof thereof. Defendant incorporates by reference all prior allegations and affirmative defenses set forth below.

## AFFIRMATIVE DEFENSES

**WHEREFORE**, Defendant incorporates by reference all prior paragraphs herein and affirmatively alleges the following additional affirmative defenses:

1. Plaintiff's Complaint fails to sate a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or part, by the equitable doctrine of estoppel, waiver, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of risk and / or contributory negligence. Plaintiff's allegations misstate and intentionally mislead the Court with respect to up-front disclosures and the actual factual circumstances surrounding the Credit Agreement dated October 17, 2008, which was in reality Plaintiff restructuring a pre-existing unsecured extension of credit in the same amount.

5. Plaintiff's Complaint is barred, in whole or part, by its failure to properly plead with the requisite specificity the alleged fraud and other alleged intentional wrongdoing, as required by F.R.C.P. 9(b). The Complaint contains numerous allegations prefaced with "on information and belief" and utilizes the word "may" or "may have" when alleging wrongdoing by Hecker individually.

6. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's

accountants and other third parties to address questions and information contained in his financial statements and business operations.

7.  Plaintiff's Complaint is barred, in whole or part, by its own knowledge and information conveyed by Defendant relative to his finances and business operations during the relevant time period. The alleged fraud fails as a matter of law since it clearly involves an up-front disclosed default situation with Chrysler Financial coupled with Plaintiff's own voluntarily decision to enter into the Credit Agreement of October 17, 2008 for monies already extended to Defendant.

8.  Plaintiff's Complaint is barred, in whole or part, by payment and /or the value of collateral securing payment that was obtained by Plaintiff, which should be credited against all amounts due and owing.

9.  Plaintiff's Complaint is barred, in whole or part, by the failure of consideration.

10. Plaintiff's Complaint is barred, in whole or part, by the Statute of Frauds.

11. Plaintiff's Complaint is barred, in whole or part, by the doctrine of *in pari delicto.*

12. Defendant reserves the right to interpose additional affirmative defenses as discovery is undertaken in this matter.

## JURY TRIAL DEMAND

Defendant Hecker demands a jury trial on all issues, if any, triable to a jury.

**WHEREFORE,** Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant be awarded his attorney's fees and costs incurred in defending this action. Hecker further prays that he be provided with a

detailed accounting from Plaintiff showing indebtedness by dealership, loan(s) outstanding, and credits for action taken against collateral, as well as a disclosure of un-liquidated collateral retained, if any .

                                              **SKOLNICK & SHIFF, P.A**.

Dated: October 30, 2009                 /e/ LuAnn M. Petricka
                                                   William R. Skolnick #137182
                                                   LuAnn M. Petricka #18505X
                                                   527 Marquette Avenue South, #2100
                                                   Minneapolis, MN 55402
                                                   (612) 677-7600
                                                   wskolnick@skolnick-shiff.com
                                                   petricka@visi.com

                                                   **ATTORNEYS FOR DEFENDANT**
                                                   **DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker     BKY No. 09-50779 RJK

           Debtor.

US Bank,

           Plaintiff,

v.     Adversary No. 09-05040

Dennis E. Hecker,

           Defendant.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on October 30, 2009, I caused the following ANSWER to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Monica L. Clark | clark.monica@dorseylaw.com |
| Matthew R. Burton | mburton@losgs.com |

Dated: October 30, 2009      **SKOLNICK & SHIFF, P.A.**

            /e/ William R. Skolnick
            William R. Skolnick #137182
            LuAnn M. Petricka #18505X
            2100 Rand Tower
            527 Marquette Avenue South
            Minneapolis, MN 55402
            (612) 677-7600
            wskolnick@skolnick-shiff.com
            **ATTORNEY FOR DENNIS E. HECKER**